UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SIR JORDAN COSBY,

        Plaintiff,

v.                                                          Case No. 22-cv-639-pp

JESSICA MAYFIELD and SCOTT JOHNSON,

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTIONS TO PAY BALANCE OF FILING FEE FROM RELEASE ACCOUNT (DKT. NOS. 16, 24)**

      Plaintiff Sir Jordan Cosby is proceeding on federal and state claims against two officials from Columbia Correctional Institution. On January 30, 2023, the court received from the plaintiff a motion to pay the remainder of his $350 filing fee from his release account. Dkt. No. 16. He says he has the money in his release account to pay the $201 balance, but that the warden and business office at Columbia have told him that he "can only use [his] release account only [sic] with a court order." Id. On March 27, 2023, the court received a second motion from the plaintiff asking to pay the filing fee from his release account. Dkt. No. 24. The plaintiff reiterates that he has the money to pay the remainder of the filing fee but that he needs the court's permission to pay it from his release account. Id. at 1. He notes that he filed his first motion on January 30, 2023, "with no results so [he] will like a respond [sic] back to this motion." Id. He says he "attempted to wait a nice period of time for a respond [sic] and ask the courts to grant this motion." Id.

The term "prisoner's account" used in 28 U.S.C. §1915 "encompasses both [the prisoner's] release account and his general account." Spence v. McCaughtry, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). The release account "is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." Wilson v. Anderson, No. 14-cv-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code §DOC 309.466). Courts in this district have permitted incarcerated persons to use their release accounts to pay the *initial* partial filing fee. E.g. Doty v. Doyle, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002); Spence, 46 F. Supp. 2d at 862–63. But absent unusual circumstances, this court has no authority to order (or allow) an incarcerated plaintiff to "tap into his release account to pay current (or future) litigation costs." McCalla v. Thompson, No. 18-cv-1895-jps, 2019 WL 3220551, at *2 (E.D. Wis. July 17, 2019) (citing Wilson, 2014 WL 3671878, at *3); see also Collins v. State of Wis., No. 20-cv-521-pp, 2020 WL 6361860, at *2 (E.D. Wis. Oct. 29, 2020) ("Although courts often will allow plaintiffs to pay the *initial partial filing fee* with funds from their release account, they generally do not allow plaintiffs to deplete their release accounts by paying the full filing fee from that account.").

There is no statutory authorization for the plaintiff to pay the full filing fee from his release account. As the name suggests, the purpose of that account is to make sure he has a little money when he is released back into the community. That intended purpose is reason for the court not to permit him to

use the release account to pay the full filing fee. See Collins, 2020 WL 6361860, at *2 (citing Smith v. Huibregtse, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001)). The court will deny the plaintiff's requests to pay the balance of his filing fee from his release account. He must continue to make payments toward that balance with the money in his regular account, as the court explained in the initial screening order. See Dkt. No. 9 at 12–13.

The plaintiff also requests an update on his amended complaint and the discovery stage of this litigation. Dkt. No. 23. The court will issue a separate order scheduling deadlines for the parties to conduct discovery and file dispositive motions. That order will contain copies of the relevant Federal Rules of Civil Procedure that the parties must follow. The court advises the plaintiff to be patient and cooperative during discovery. Federal litigation can be a slow process, and the plaintiff may not always receive an immediate response to his requests. The court advises him to seek court intervention only if it is clear that the opposing party is refusing to cooperate with the court's orders and the Federal Rules.

The court **DENIES** the plaintiff's motions to pay the balance of the filing fee from his release account. Dkt. Nos. 16, 24.

Dated in Milwaukee, Wisconsin this 11th day of June, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

3
Case 2:22-cv-00639-PP   Filed 06/11/23   Page 3 of 3   Document 28